■ F. BENDER INC., Tried as FLAGSHIP CONSTRUCTION, Appellant, v CROW CONSTRUCTION COMPANY et al., Respondents. [698 NYS2d 712] —In an action to foreclose a mechanics lien, the plaintiff appeals from (1) a decision of the Supreme Court, Kings County (Jackson, J.), dated May 22, 1998, (2) an order of the same court, dated June 25, 1998, which granted the defendants' motion for summary judgment dismissing the complaint and for summary judgment on the counterclaims of the defendant Crow Construction Company, and denied its motion for summary judgment and to dismiss the counterclaims of the defendant Crow Construction Company, and (2) a judgment of the same court (Lodato, J.H.O.), entered December 18, 1998, which dismissed the complaint, awarded damages in favor of the defendant Crow Construction Company and against it in the principal sum of $298,860 ($258,744.14 in damages and $40,115.86 in reasonable attorney's fees), and awarded prejudgment interest on the award of $258,744.14 in favor of the defendant Crow Construction Company and against it from October 21, 1994, in the sum of $96,835.25.

Ordered that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (*see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is modified by deleting the provision thereof awarding prejudgment interest in favor of the defendant Crow Construction Company and against the plaintiff from October 21, 1994, in the sum of $96,835.25 on the principal sum of $258,744.14, and remitting the matter to the Supreme Court, Kings County, for entry of an appropriate amended judgment consistent herewith; as so modified, the judgment is affirmed, without costs or disbursements.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are

brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The Supreme Court properly determined that the plaintiff breached a material term of its subcontract with the defendant Crow Construction Company (hereinafter Crow) for the performance of certain construction work. The subcontract required the plaintiff to furnish a payment and performance bond. There is no support in the record to support a finding that Crow waived this material term of the subcontract. Far from intending to relinquish its right to the bond, Crow never ceased to pursue its contractual right even after authorizing the commencement of the work (*see, City of New York v State of New York,* 40 NY2d 659).

Contrary to the plaintiff's contention, Crow is entitled to prejudgment interest because it is the prevailing party (*see,* CPLR 5001 [a]; 155 *Henry Owners Corp. v Lovlyn Realty Co.,* 231 AD2d 559). However, it was error to award prejudgment interest from October 21, 1994, the date that the plaintiff first breached the subcontract. Following the plaintiff's breach, Crow contracted with replacement contractors to finish the work. It was not until Crow tendered payment in an amount that exceeded the cost of the original subcontract with the plaintiff that prejudgment interest could begin to accrue (*see,* 155 *Henry Owners Corp. v Lovlyn Realty Co., supra,* at 560). Accordingly, Crow is entitled to prejudgment interest from the date of each payment in excess of the price of the subcontract (*see,* CPLR 5001 [b]). Since the exact dates of these payments are not ascertainable from the record, the matter must be remitted to the Supreme Court, Kings County, for a determination of the dates of payment made by Crow to the replacement subcontractors in excess of the price of the subcontract with the plaintiff, and for a new calculation of prejudgment interest based on those dates.

The plaintiff's remaining contentions are without merit. Altman, J. P., H. Miller, Schmidt and Smith, JJ., concur.