■ VINCENT WINSCH, Appellant, v ESPOSITO BUILDING SPECIALTY, INC., Respondent. (And a Third-Party Action.) [852 NYS2d 199]—

In an action, inter alia, to recover damages for violation of Labor Law § 220, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Jones, J.), dated November 16, 2006, which denied his motion for summary judgment on the issue of liability and, upon searching the record, awarded summary judgment in favor of the defendant dismissing the complaint.

Ordered that the order is affirmed, without costs or disbursements.

The plaintiff seeks damages from the defendant based upon its alleged failure to pay him prevailing wages for work which he allegedly performed on various "public works" construction projects (Labor Law § 220). However, "no private right of action for the underpayment of wages exists under Labor Law § 220 until an administrative determination in the employee's favor has been made and has gone unreviewed or has been affirmed" (*Marren v Ludlam*, 14 AD3d 667, 669 [2005]; *see* Labor Law § 220 [7], [7-a], [8]; *Pesantez v Boyle Envtl. Servs.*, 251 AD2d 11, 12 [1998]; *Matter of Pyramid Co. of Onondaga v Hudacs*, 193 AD2d 924 [1993]). Here, as the plaintiff concedes, the Supreme Court, upon searching the record, properly awarded summary

judgment to the defendant dismissing the first cause of action, which was predicated upon the defendant's alleged failure to pay prevailing wages under Labor Law § 220, since there is no proof that any administrative determination has been rendered.

The Supreme Court, upon searching the record, also properly awarded summary judgment to the defendant dismissing the remaining causes of action sounding in breach of contract, quantum meruit, unjust enrichment, and willful failure to pay wages. The complaint failed to identify the provisions of the contracts which allegedly were breached, or otherwise provide "the court and [the] parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved" (CPLR 3013; *see Atkinson v Mobil Oil Corp.*, 205 AD2d 719, 720 [1994]). Moreover, the parties' submissions established, as a matter of law, that the plaintiff had no cause of action sounding in breach of contract, quantum meruit, or unjust enrichment. Summary judgment dismissing the remaining cause of action, to recover damages for the defendant's alleged willful failure to pay wages, was also properly awarded to the defendant, since such a cause of action is only viable if the plaintiff "prevails" on his wage claim (*see* Labor Law § 198).

The plaintiff's remaining contentions are without merit or concern matter which is dehors the record. Rivera, J.P., Santucci, Covello and Balkin, JJ., concur.