In the Matter of CHRISTOPHER WOOD et al., Appellants, v ZONING BOARD OF APPEALS OF TOWN OF EAST HAMPTON et al., Respondents. [858 NYS2d 243]—

In a proceeding pursuant to CPLR article 78 to review so much of a determination of the respondent Zoning Board of Appeals of the Town of East Hampton dated February 10, 2006, as found that the respondent Brian Horath's proposed construction of a home on property containing wetlands was a Type II action under the State Environmental Quality Review Act (ECL art 8), the petitioners appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Suffolk County (Costello, J.), entered December 12, 2006, as denied their petition and dismissed the proceeding.

Motion by the respondent Zoning Board of Appeals of the Town of East Hampton to dismiss the appeal on the ground that the judgment has been rendered academic. Cross motion

by the petitioners, in the event the motion is granted, to vacate the judgment and for an award of the costs of prosecuting the appeal. By decision and order on motion of this Court dated December 5, 2007 [2007 NY Slip Op 85363(U)], the motion and the cross motion were held in abeyance and referred to the Justices hearing the appeals for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and cross motion, and the papers filed in opposition thereto, and upon the argument of the appeals, it is,

Ordered that the motion and the cross motion are denied; and it is further,

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Contrary to the contention of the respondent Zoning Board of Appeals of the Town of East Hampton (hereinafter the ZBA), the appeal is not academic. The Court of Appeals has stated: "Review is still appropriate if substantial questions remain, on which an effective disposition can be made . . . If a case is academic, but for the award of costs below, the appeal will be dismissed nevertheless. But if, in any other substantial way, any rights of the parties can be affected by the decision, the determination is a reviewable one in so far as it is necessary to determine those rights" (*Matter of Rochester Tel. Corp. v Public Serv. Commn. of State of N.Y.*, 87 NY2d 17, 27 [1995]).

Here, a substantial question remains on which an effective disposition can be made, i.e., whether the proposed project should be designated a Type I or Type II action under the State Environmental Quality Review Act (ECL art 8 [hereinafter SEQRA]). Thus, the appeal is not academic, as the SEQRA question has not been specifically addressed and determined (*see Matter of Rochester Tel. Corp. v Public Serv. Commn. of State of N.Y.*, 87 NY2d 17, 27 [1995]).

A determination of a zoning board should be sustained upon judicial review if it has a rational basis and is not arbitrary and capricious (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613 [2004]; *Matter of Enisman v Town of Poughkeepsie Zoning Bd. of Appeals*, 50 AD3d 793 [2008]; *Matter of Halperin v City of New Rochelle*, 24 AD3d 768, 772 [2005]; *Matter of Westervelt v Zoning Bd. of Appeals of Town of Woodbury*, 7 AD3d 964, 965 [2004]). Here, the ZBA's determination that Brian Horath's November 2005 proposed project was a new application, and thus subject to the 1996 SEQRA amendments, is supported by the record and was not arbitrary, as the size of the proposed structure differed from that in the prior

1990 application (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608 [2004]). Lifson, J.P., Florio, Angiolillo and Chambers, JJ., concur.