■ 8109 PIZZERIA OF NEW YORK, INC., Appellant, v POLO PIZZA ONE CORP., Respondent. [888 NYS2d 580]—

In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Queens County (Cullen, J.) entered February 17, 2009, which denied its motion for summary judgment on the complaint.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the first cause of action alleging breach of contract and on the third cause of action for an award of an attorney's fee, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed, with costs to the appellant, and the matter is remitted to the Supreme Court, Queens County, for further proceedings on the first and third causes of action.

The parties entered into a contract of sale relating to a pizzeria business. The purchase price was $228,000. The original contract obligated the defendant, as the purchaser, to tender a down payment in the sum of $60,000, to be followed by monthly installment payments in defined amounts; an amendment to the contract dated June 8, 2007, reduced the amount of the down payment to $30,000. The defendant soon defaulted on the contract by failing to make the required installment payments.

Section 2 (d) of the contract provided that "[i]n the event that any payment due hereunder is not paid within fifteen (15) days after the date any payment is due, this Contract shall be defaulted without additional notice to the Purchaser, and the Purchaser shall pay the Seller the full accelerated sum remaining due hereunder, together with all other charges to which the Seller may be entitled." The plaintiff, the seller of the business, made a prima facie showing of entitlement to judgment as a matter of law by establishing that the defendant defaulted under the terms of the contract and that, in light of the default, the defendant became liable for the "full accelerated sum remaining due" under the contract of sale, as amended.

In opposition to the plaintiff's showing, the defendant asserted that it had expended the sum of $23,351.37 in making certain repairs to the subject pizzeria. Even if the plaintiff were contractually obligated to reimburse the defendant for at least some of those expenses, the defendant's assertions in this respect do not raise any triable issue of fact with respect to the plaintiff's primary claim.

The defendant did not counterclaim to recover any expenses it may have incurred, which includes the sum of $23,351.37 that it claimed to have expended on repairs. In any event, the defendant's claims with respect to such expenses are not so intertwined with the plaintiff's main claim as to warrant denial of that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the breach of contract cause of action (*see LaSalle Bank N.A. v Kosarovich*, 31 AD3d 904, 906 [2006]; *Carl Zeiss, Inc. v Micro Med Instruments*, 186 AD2d 778 [1992]). Any promise by the plaintiff to reimburse the defendant for certain repair work would properly be regarded as independent of the promise made by the defendant to pay the stated purchase price for the sale of the business (*see 91 E. Main St. Realty Corp. v Angelic Creations by Lucia*, 24 Misc 3d 25 [2009]).

Further, since section 2 (f) of the contract provides for an award of an attorney's fee to a party prevailing in an action arising under the contract, and the plaintiff is the prevailing party, it is also entitled to an award of an attorney's fee pursuant to that section of the contract (*see Luis Lopez & Son's, Inc. v Dannie's Auto Care*, 61 AD3d 643 [2009]).

The plaintiff, however, failed to adduce competent evidence proving the exact amount of damages that it sustained as a result of the defendant's breach of the contract. The record does not permit precise determination of the amount of the money judgment to which the plaintiff is entitled, including a calculation of prejudgment interest and late fees in accordance with section 2 (c) of the contract. The plaintiff's failure to make a showing of entitlement to judgment as a matter of law on the issue of damages, and the existence of a triable issue of fact as to the precise amount of damages recoverable pursuant to the breach of contract cause of action, does not, however, preclude an award of summary judgment to the plaintiff on the issue of liability on the breach of contract cause of action (*see J & J Air Frgt. Trucking Co. v Danzas Corp.*, 303 AD2d 559 [2003]). The plaintiff similarly failed to prove, as a matter of law, the amount of the "reasonable" attorney's fee to which it would be entitled pursuant to section 2 (f) of the contract.

The matter must therefore be remitted to the Supreme Court, Queens County, for further proceedings on the issue of damages with respect to the first cause of action and on the issue of the amount of the attorney's fee to which the plaintiff is entitled pursuant to the third cause of action. Skelos, J.P., Florio, Balkin and Leventhal, JJ., concur.