■ PROUD DESIGNS, INC., Respondent, v CHRISTOPHER WHIDDEN et al., Appellants. [934 NYS2d 489]—

The plaintiff, Proud Designs, Inc., and the defendants, Christopher Whidden and Keri-Ann Whidden, entered into a written contract dated April 6, 2004, pursuant to which the plaintiff was to provide construction management services in connection with the renovation of a single-family residence

owned by the defendants. On September 18, 2004, several months after work had commenced, the defendants advised the plaintiff that it was in breach of the contract based on its alleged failure to provide accurate documentation of the costs of the work, as required by the contract. By summons and complaint dated June 6, 2005, the plaintiff commenced this action, inter alia, to recover damages for breach of contract. The defendants served an answer with counterclaims. Subsequently, the defendants moved, among other things, in effect, for summary judgment dismissing the first cause of action of the complaint, which sought to recover damages for breach of contract, and for summary judgment on the issue of liability on their counterclaims to recover damages for breach of contract. By order entered May 14, 2010, the Supreme Court, among other things, denied those branches of the defendants' motion which were for summary judgment in their favor on the parties' respective breach of contract claims.

Contrary to the plaintiff's contention, the appeal has not been rendered academic by its service of an amended complaint, since it presents "substantial question[s] . . . , on which an effective disposition can be made" (*Matter of Wood v Zoning Bd. of Appeals of Town of E. Hampton*, 51 AD3d 680, 681 [2008]; *see Matter of Rochester Tel. Corp. v Public Serv. Commn. of State of N.Y.*, 87 NY2d 17, 27 [1995]).

The Supreme Court properly denied that branch of the defendants' motion which was, in effect, for summary judgment on the fourth counterclaim, which alleges that the plaintiff made duplicative requests in June and August of 2004 for funds to pay the same subcontractors. The defendants failed to make a prima facie showing of their entitlement to judgment as a matter of law on the fourth counterclaim because their submissions disclose an issue of fact as to whether the plaintiff made duplicative funding requests. However, the Supreme Court erred in denying those branches of the defendants' motion which were, in effect, for summary judgment dismissing the first cause of action, which sought to recover damages for breach of contract, and for summary judgment on the issue of liability on their first counterclaim, which sought to recover certain "margin" payments collected by the plaintiff on the ground that the plaintiff breached the subject contract. The defendants demonstrated their prima facie entitlement to judgment as a matter of law by presenting evidence that the plaintiff materially breached the contract by failing to provide them with documentation of certain on-line transfers from an escrow account, as required under the contract (*see F. Bender Inc. v Crow*

*Constr. Co.*, 266 AD2d 503, 504 [1999]). Moreover, the defendants presented evidence that the plaintiff failed to comply with the provision of the contract requiring it to arrange for the defendants to receive bank statements for the escrow account. In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Skelos, J.P., Balkin, Eng and Sgroi, JJ., concur. **[Prior Case History: 2010 NY Slip Op 31268(U).]**