RE/MAX of New York, Inc., Appellant, v Energized Realty Group, LLC, et al., Respondents. [24 NYS3d 176]—

In an action, inter alia, for specific performance of a franchise agreement, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (McCormack, J.), entered January 10, 2014, which, upon a decision dated October 30, 2013, made after a nonjury trial, is in favor of the defendants and against it, dismissing the complaint.

Ordered that the judgment is reversed, on the law, with costs, the complaint is reinstated, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith and thereafter the entry of an appropriate judgment in favor of the plaintiff and against the defendants, inter alia, directing the defendants to transfer and assign the telephone number 718-353-6000 to the plaintiff.

In December 1996 the defendant Judy Markowitz, and her partners at that time, entered into a franchise agreement (hereinafter the 1996 Agreement) with the plaintiff, RE/MAX of New York, Inc. (hereinafter RMNY), for a RE/MAX office in Queens County. The 1996 Agreement provided that when it was terminated, the franchisee was to immediately cause the local telephone company to change all of its telephone numbers and assign the numbers listed for the franchised real estate office to RMNY. The 1996 Agreement also provided that in the event that the franchisee met all of its financial obligations as agreed, it would not be required to change and assign the telephone numbers. The 1996 Agreement also provided that the franchise could be renewed for additional five-year periods and that the terms and conditions of renewal agreements would be, as relevant here, "the same terms and conditions . . . of the agreements then being used for the granting of new franchises" by RMNY.

Following the 1996 Agreement, Markowitz and her husband, the defendant Gary Libert, on behalf of the defendant Energized Realty Group, LLC, and as personal guarantors, entered into two successive five-year renewal agreements with RMNY, the first in 2001 and the second in 2006. The renewal agreements contained provisions regarding change and assignment of telephone numbers similar to the one provided in the 1996 Agreement. Unlike the 1996 Agreement, the renewal agreements did not provide that the franchisee could keep its telephone numbers by complying with all its financial obligations.

In 2011, as the second renewal agreement was nearing expiration, the defendants chose not to enter into another franchise agreement with RMNY, but they refused to assign their telephone number to RMNY. RMNY commenced this action, inter alia, for specific performance of the provision regarding assignment of the telephone number, and for attorney's fees and litigation costs pursuant to the second renewal agreement. Prior to the commencement of a nonjury trial, the parties agreed that the issue of attorney's fees and litigation costs would be addressed at an inquest in the event the plaintiffs were to prevail at the trial. After the trial, the Supreme Court found for the defendants, and a judgment was entered dismissing the complaint.

"When interpreting a contract, the construction arrived at should give fair meaning to all of the language employed by the parties, to reach a practical interpretation of the parties' expressions so that their reasonable expectations will be realized. The terms of a contract are clear and unambiguous when the language used has a definite and precise meaning, unattended by danger of misconception in the purport of the agreement itself, and concerning which there is no reasonable basis for a difference of opinion. Conversely, contract language is ambiguous when it is 'reasonably susceptible of more than one interpretation,' and extrinsic or parol evidence may be then permitted to determine the parties' intent as to the meaning of that language" (*Fernandez v Price*, 63 AD3d 672, 675 [2009] [citations omitted], quoting *Chimart Assoc. v Paul*, 66 NY2d 570, 572-573 [1986]). "Moreover, courts may not by construction add or excise terms, nor distort the meaning of those used and thereby make a new contract for the parties under the guise of interpreting the writing" (*Outstanding Transp., Inc. v Interagency Council of Mental Retardation & Dev. Disabilities, Inc.*, 110 AD3d 1049, 1049 [2013] [internal quotation marks omitted]).

"In reviewing a determination made after a nonjury trial, the power of the Appellate Division is as broad as that of the trial court, and this Court may render the judgment it finds 'warranted by the facts,' bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses" (*Fernandez v State of New York*, 130 AD3d 566, 566 [2015], quoting *Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Family Operating Corp. v Young Cab Corp.*, 129 AD3d 1016, 1018 [2015]). Here, contrary to the Supreme Court's finding, the provision in the 2006 renewal agreement as to assignment of the telephone numbers

was not ambiguous, and RMNY was entitled to specific performance. Moreover, inasmuch as the issue of attorney's fees and costs was deferred and has not been addressed, the Supreme Court must address that issue on remittal.

The defendants' remaining contentions are without merit.

Accordingly, we remit the matter to the Supreme Court for further proceedings and thereafter entry of an appropriate judgment in favor of RMNY. Mastro, J.P., Balkin, Dickerson and Roman, JJ., concur.