■ VINCENT J. GIANELLI, Appellant, v RE/MAX OF NEW YORK, INC., Respondent. [41 NYS3d 273]—

In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Iannacci, J.), entered October 21, 2014, which denied his motion for summary judgment, in effect, on the issue of liability on the complaint and dismissing the counterclaims, and granted the defendant's cross motion for summary judgment, in effect, dismissing the complaint and on the issue of liability on the counterclaims.

Ordered that the order is affirmed, with costs.

In November 2011, the plaintiff entered into a franchise agreement with the defendant, RE/MAX of New York, Inc. (hereinafter RMNY), for a RE/MAX office in Queens. In May 2013, the plaintiff commenced this breach of contract action, alleging that he had sustained damages as a result of RMNY's

failure to obtain the assignment of a telephone number from a former franchisee (*see RE/MAX of N.Y., Inc. v Energized Realty Group, LLC*, 135 AD3d 924 [2016]). In August 2013, RMNY joined issue and counterclaimed to recover payment of franchise fees due under the franchise agreement and for an award of attorney's fees and costs. Thereafter, the plaintiff moved for summary judgment, in effect, on the issue of liability on the complaint and dismissing the counterclaims, and RMNY cross-moved for summary judgment, in effect, dismissing the complaint and on the issue of liability on the counterclaims. The Supreme Court denied the plaintiff's motion and granted RMNY's cross motion.

A breach of contract cause of action fails as a matter of law in the absence of any showing that a specific provision of the contract was breached (*see Westchester County Corr. Officers Benevolent Assn., Inc. v County of Westchester*, 99 AD3d 998, 999 [2012]; *Trump on the Ocean, LLC v State of New York*, 79 AD3d 1325, 1326 [2010]). Here, the plaintiff failed to identify a specific provision of the contract that was allegedly breached when the former franchisee failed to assign the telephone number to RMNY. Thus, the parties' submissions established, as a matter of law, that the plaintiff had no cause of action sounding in breach of contract (*see Winsch v Esposito Bldg. Specialty, Inc.*, 48 AD3d 558, 559 [2008]). Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment, in effect, on the issue of liability on the complaint and granted that branch of RMNY's cross motion which was for summary judgment, in effect, dismissing the complaint.

With respect to that branch of RMNY's cross motion which was for summary judgment, in effect, on the issue of liability on its counterclaims, RMNY's submission of the franchise agreement and evidence that the plaintiff had not paid any franchise fees since April 2012 demonstrated its prima facie entitlement to judgment as a matter of law on its counterclaim to recover damages for breach of contract (*see E. Tetz & Sons, Inc. v Polo Elec. Corp.*, 129 AD3d 1014, 1015 [2015]; *1375 Equities Corp. v Buildgreen Solutions, LLC*, 120 AD3d 783, 783 [2014]; *Proud Designs, Inc. v Whidden*, 90 AD3d 732, 733 [2011]; *Castle Oil Corp. v Bokhari*, 52 AD3d 762 [2008]) and its counterclaim for an award of attorney's fees and costs (*see Yellow Book Sales & Distrib. Co., Inc. v Mantini*, 85 AD3d 1019, 1021 [2011]; *8109 Pizzeria of N.Y., Inc. v Polo Pizza One Corp.*, 67 AD3d 627, 629 [2009]; *Luis Lopez & Son's, Inc. v Dannie's Auto Care*, 61 AD3d 643 [2009]). In opposition, the plaintiff

failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court properly granted that branch of RMNY's cross motion which was for summary judgment, in effect, on the issue of liability on its counterclaims and denied that branch of the plaintiff's motion which was for summary judgment, in effect, dismissing the counterclaims. Rivera, J.P., Austin, Sgroi and Duffy, JJ., concur.