Patel v New York City Tr. Auth. (2021 NY Slip Op 06361)





Patel v New York City Tr. Auth.


2021 NY Slip Op 06361


Decided on November 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.


2019-07795
 (Index No. 526069/18)

[*1]Rajan Patel, appellant,
v
New York City Transit Authority, et al., respondents.


Lipsig Shapey Manus & Moverman, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Michael H. Zhu], of counsel), for appellant.
Anna J. Ervolina, Brooklyn, NY (Harriet Wong of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Lizette Colon, J.), dated June 5, 2019. The order granted the defendants' motion to compel the plaintiff to accept service of their answer and denied, as academic, the plaintiff's motion, inter alia, for leave to enter a default judgment against the defendant New York City Transit Authority.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against the defendants on December 26, 2018, to recover damages for personal injuries he allegedly sustained as a result of being struck by a subway train at the Utica Avenue Station in Brooklyn. By notice of motion dated March 7, 2019, the plaintiff moved for leave to enter a default judgment against the defendant New York City Transit Authority (hereinafter NYCTA). The NYCTA opposed the plaintiff's motion, and on March 25, 2019, the defendants collectively served an answer with affirmative defenses on the plaintiff. The plaintiff's counsel failed to appear for oral argument on the return date of the plaintiff's motion for leave to enter a default judgment against the NYCTA and the Supreme Court denied the motion in an order dated April 12, 2019. Thereafter, by notice of motion dated April 29, 2019, the defendants moved pursuant to CPLR 3012(d) to compel the plaintiff to accept service of the answer. In support of the motion, counsel for the defendants explained, inter alia, that he had failed to timely serve and file an answer "[d]ue to an inadvertent clerical error in failing to calendar the Answer's due date." The plaintiff opposed the defendants' motion to compel, and, by order to show cause dated May 16, 2019, the plaintiff moved to vacate the April 12, 2019 order and for leave to enter a default judgment against the NYCTA. In an order dated June 5, 2019, the court granted the defendants' motion to compel the plaintiff to accept service of the answer, and denied the plaintiff's motion as academic. The plaintiff appeals.
"Upon the application of a party, the court may extend the time to appear or plead, or compel the acceptance of a pleading untimely served, upon such terms as may be just and upon a showing of reasonable excuse for delay or default" (CPLR 3012[d]). "'[A] defendant who has failed to timely answer a complaint and who seeks leave to file a late answer must provide a reasonable excuse for the delay and demonstrate a potentially meritorious defense to the action'" (Hoffman v 461 Arlington Props., LLC, 195 AD3d 1000, 1001, quoting Green Tree Servicing, LLC v Weiss, 180 AD3d 654, 655). Whether a proffered excuse is reasonable is a "sui generis determination to be made by the court based on all relevant factors, including the extent of the delay, [*2]whether there has been prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits" (Gomez v Gomez-Trimarchi, 137 AD3d 972, 973 [internal quotation marks omitted]; see Harcztark v Drive Variety, Inc., 21 AD3d 876, 876-877). "'The determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court'" (Belches v City of New York, 191 AD3d 754, 755, quoting Citimortgage, Inc. v Kowalski, 130 AD3d 558, 558). Law office failure may be accepted by the court as a reasonable excuse where it is supported by "a detailed and credible explanation of the default" (GMAC Mtge., LLC v Guccione, 127 AD3d 1136, 1138; see CPLR 2005; People's United Bank v Latini Tuxedo Mgt., LLC, 95 AD3d 1285, 1286).
Here, the Supreme Court did not improvidently exercise its discretion in determining, in effect, that the defendants' excuse for the delay in answering was reasonable. The affirmation of the defendants' counsel submitted in support of the defendants' motion was sufficient to establish the proffered excuse of law office failure, especially given that this isolated mistake did not evidence an intent by the defendants to abandon their defense of the action, there is no evidence that the plaintiff was prejudiced by the delay, and public policy favors resolution of cases on the merits (see Advanced Remodeling of Long Is., Inc. v Monahan, 175 AD3d 1361; Gomez v Gomez-Trimarchi, 137 AD3d at 973; Fried v Jacob Holding, Inc., 110 AD3d 56, 60-61; People's United Bank v Latini Tuxedo Mgt., LLC, 95 AD3d at 1286; Simpson v Tommy Hilfiger U.S.A., Inc., 48 AD3d 389, 392). In addition, contrary to the plaintiff's contention, the defendants met their burden of demonstrating the existence of a potentially meritorious defense (see Williams v New York City Tr. Auth., 175 AD3d 581; Merchants Mut. Ins. Co. v Quality Signs of Middletown, 110 AD3d 1042, 1043). Accordingly, the court providently exercised its discretion in granting the defendants' motion to compel the plaintiff to accept service of the answer.
The plaintiff's remaining contentions are academic in light of our determination.
DILLON, J.P., CHRISTOPHER, WOOTEN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court