195-197 Hewes, LLC v Citimortgage, Inc. (2022 NY Slip Op 05064)

195-197 Hewes, LLC v Citimortgage, Inc.

2022 NY Slip Op 05064

Decided on August 31, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 31, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
REINALDO E. RIVERA
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2019-09997
 (Index No. 516578/18)

[*1]195-197 Hewes, LLC, appellant,
v
Citimortgage, Inc., respondent.

Law Office of Samuel Katz, PLLC, Brooklyn, NY (Joseph J. Schwartz of counsel), for appellant.
Locke Lord, LLP, New York, NY (William D. Foley, Jr., Jeffrey S. Kramer, and Harry K. Tiwari of counsel), for respondent.

DECISION & ORDER
In an action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated July 8, 2019. The order granted the defendant's motion, in effect, to vacate its default in appearing on the return date of its motion pursuant to CPLR 3211(a)(1) to dismiss the complaint and to restore its motion to the calendar.
ORDERED that the order is affirmed, with costs.
In August 2018, the plaintiff commenced this action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage held by the defendant. Prior to answering the complaint, the defendant moved pursuant to CPLR 3211(a)(1) to dismiss the complaint. However, the defendant failed to appear in court on the return date and the motion was marked off the calendar. Thereafter, the defendant moved, in effect, to vacate its default in appearing on the return date of its motion to dismiss the complaint and to restore its motion to the calendar. In an order dated July 8, 2019, the Supreme Court granted the defendant's motion to vacate its default and to restore its motion to dismiss the complaint to the calendar. The plaintiff appeals.
Contrary to the defendant's contention, the Supreme Court's denial of the defendant's motion to dismiss the complaint in a subsequent order dated December 2, 2019, does not render this appeal academic (see generally Matter of Rochester Tel. Corp. v Public Serv. Commn. of State of N.Y., 87 NY2d 17, 27; Proud Designs, Inc. v Whidden, 90 AD3d 732, 733; G.K. Alan Assoc., Inc. v Lazzari, 44 AD3d 95, 99, affd 10 NY3d 941).
The Supreme Court providently exercised its discretion by granting the defendant's motion, in effect, to vacate its default in appearing on the return date of its motion to dismiss the complaint and to restore its motion to the calendar (see Hobbins v North Star Orthopedics, PLLC, 148 AD3d 784, 787). On appeal, the plaintiff does not argue that the defendant failed to demonstrate a potentially meritorious position on its motion. Contrary to the plaintiff's contention, the defendant demonstrated a reasonable excuse for its counsel's failure to appear on the return date of the motion (see Patel v New York City Tr. Auth., 199 AD3d 925, 927; Ferreira v Singh, 176 AD3d 782, 784; [*2]Bank of N.Y. Mellon v Faragalla, 174 AD3d 677, 678; Millard v Wyche, 164 AD3d 778, 780; Hobbins v North Star Orthopedics, PLLC, 148 AD3d at 787).
CONNOLLY, J.P., RIVERA, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court