| |
|---|
| **S.L. Victory Constr. & Dev. v 40-50 Brighton First Rd. Apts. Corp.** |
| 2024 NY Slip Op 31051(U) |
| April 2, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 506650/2021 |
| Judge: Leon Ruchelsman |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS : CIVIL TERM: COMMERCIAL 8
------------------------------------------------x
S.I. VICTORY CONSTRUCTION & DEVELOPMENT
CORPORATION and T&S CONSTRUCTION CORP.,

                                    Plaintiffs,          Decision and order

          - against -                          Index No. 506650/2021

40-50 BRIGHTON FIRST ROAD APARTMENTS CORP.
and TKR PROPERTY SERVICES, INC.,                        April 2, 2024
                                    Defendants,
------------------------------------------------x
PRESENT: HON. LEON RUCHELSMAN                 Motion Seq. #2 & #3


          The defendant TKR Property Services Inc., [hereinafter

'TKR'] has moved pursuant to CPLR §3212 seeking summary judgement

dismissing the entire complaint.  The plaintiff has cross-moved

seeking summary judgement.  The motions have been opposed

respectively.   Papers were submitted by the parties and

arguments held and after reviewing all the arguments, this court

now makes the following determination.

          The plaintiffs are two construction companies that were

hired to perform work at defendant's premises located at 40

Brighton First Road and 50 Brighton First Road, both in Kings

County.  TKR was the management company hired during the relevant

time periods.  The complaint alleges that plaintiff S.I. Victory

is owed $407,153[1] for work performed and T&S Construction Corp.,

---

[1] It should be noted that while the complaint asserts
the amount owed S.I. Victory is $407,153, the owner of S.I. Victory, Andrei
Tsiarletski submitted an affidavit which states the amount owed is $407,162
(Affidavit of Andrei Tsiarletski, ¶1 [NYSCEF Doc. No. 81]), a negligible difference
of $9.

is owed $155,940[2] for work performed. The above noted parties have now moved seeking summary judgement. The plaintiff argues they have presented undisputed evidence that they performed work and have not been paid for such work. TKR asserts that as management company and agent for the owner of the premises they cannot be liable for any unpaid balances owed the plaintiffs. Defendant 40-50 Brighton First Road Apartments Corp., argues there are questions of fact whether a contract even existed and whether the plaintiff's are entitled to all the invoices they have submitted.

## Conclusions of Law

Where the material facts at issue in a case are in dispute summary judgment cannot be granted (Zuckerman v. City of New York, 49 NYS2d 557, 427 NYS2d 595 [1980]). Generally, it is for the jury, the trier of fact to determine the legal cause of any injury, however, where only one conclusion may be drawn from the facts then the question of legal cause may be decided by the trial court as a matter of law (Marino v. Jamison, 189 AD3d 1021, 136 NYS3d 324 [2d Dept., 2021].

It is well settled that to succeed upon a claim of breach of

---

[2] It should be noted that while the complaint asserts the amount owed T&S Construction is $155,940, the owner of T&S Construction, Arkadi Shterenberg, submitted an affidavit which states the amount owed is $104,640 (Affidavit of Arkadi Shterenberg, ¶1 [NYSCEF Doc. No. 82]), a difference of $51,300.

2

contract the plaintiff must establish the existence of a contract, the plaintiff's performance, the defendant's breach and resulting damages (Harris v. Seward Park Housing Corp., 79 AD3d 425, 913 NYS2d 161 [1st Dept., 2010]).  Further, as explained in Gianelli v. RE/MAX of New York, 144 AD3d 861, 41 NYS3d 273 [2d Dept., 2016], "a breach of contract cause of action fails as a matter of law in the absence of any showing that a specific provision of the contract was breached" (id).

Of course, there can be no contract absent a binding agreement between the parties.  The plaintiffs insist that although there was no construction contract, the parties understood that the plaintiffs would submit invoices of work performed and that if each invoice was accepted by the defendants and entered into their database for payment then automatic approval was assumed.  Thus, this "usage of trade" established a meeting of the minds between the parties which is now enforceable.  Indeed, UCC §1-303(c) states that a "'usage of trade' is any practice or method of dealing having such regularity of observance in a place, vocation, or trade as to justify an expectation that it will be observed with respect to the transaction in question. The existence and scope of such a usage must be proved as facts. If it is established that such a usage is embodied in a trade code or similar record, the interpretation of the record is a question of law" (id).

3

However, to establish usage of trade as a valid basis to conclude a contract existed expert evidence is generally necessary (Didzbalis v. Sheridan Transportation Company, 2002 WL 31619071 [S.D.N.Y. 2002]). There is no expert testimony supporting the usage of trade in this case. Furthermore, the affidavits submitted do not fare any better establishing contract formation via usage of trade. The affidavits of the owners of S.I. Victory and T&S Construction both state that "once the work was performed, and if the work was done satisfactorily, TKR would admit the debt and sufficiency of the work done by Plaintiffs by placing a stamp of approval on the invoices issued by the Plaintiffs" (Affidavit of Andrei Tsiarletski, ¶8 [NYSCEF Doc. No. 81], Affidavit of Arkadi Shterenberg, ¶8 [NYSCEF Doc. No. 82]). However, those self-serving assertions cannot be afforded any weight (see, Matter of Barney Schogel Inc., 12 B.R. 697 [S.D.N.Y. 1997]).

The plaintiffs argue that Howard Mandel an owner of TKR admitted the invoice system described by the plaintiff's confirmed the usage of trade sufficient to establish the formation of a contract. However, a careful review of Mr. Mandel's testimony demonstrates that he did not admit the acceptance of an invoice from the plaintiff's constituted an acceptance of the contract. Rather, he merely testified that when the invoice was received it was processed for payment. That

4

process did not mean a contract had been formed and that if a subsequent review of the work warranted non-payment then a breach occurred. Moreover, there are serious questions whether usage of trade could even be established in this case since in New York such usage of trade must be "so notorious" within the industry that every party should be aware of it (British International Insurance Company Ltd. v. Seguros La Republica, S.A., 342 F.3d 78 [2d. Cir. 2003]). There is no evidence of such pervasive conduct throughout the industry. Indeed, it is difficult to assert that a one-sided understanding of contract formation, isolated to this case, could create contracts without the defendants being aware of their existence. Thus, the mere processing of invoices does not foreclose later analysis of the propriety of the invoice in the first place. There is no basis to argue once the invoice was processed the defendants are foreclosed from challenging or not paying the invoice based upon issues regarding the work performed. Therefore, there are surely questions of fact whether any contract was formed and consequently whether the plaintiffs are entitled to summary judgement. Consequently, the plaintiff's motion seeking summary judgement is denied.

Turning to TKR's motion seeking summary judgement on the grounds it can have no independent liability as an agent of the owner, the plaintiffs have not really opposed that motion other than to seek their own summary judgement motion. Upon a review

5

of the evidence presented, TKR maintains no independent responsibility pursuant to its agreement with the owner. Consequently, TKR's motion seeking summary judgement dismissing the lawsuit as to them is granted.

So ordered.

ENTER:

DATED: April 2, 2024
Brooklyn N.Y.

_____
Hon. Leon Ruchelsman
JSC