Wang v IV - CVCF NEB REO, LLC (2024 NY Slip Op 02722)

Wang v IV - CVCF NEB REO, LLC

2024 NY Slip Op 02722

Decided on May 15, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2022-02544
 (Index No. 714973/21)

[*1]Kevin Wang, et al., appellants, 
v
IV - CVCF NEB REO, LLC, et al., respondents, et al, defendant.

Wood Wang & Associates, PLLC, Flushing, NY (David J. Wood of counsel), for appellants.
Riemer & Braunstein LLP, New York, NY (Paul S. Samson and Alissa L. Poynor of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, for declaratory and injunctive relief and to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Queens County (Leonard Livote, J.), entered April 4, 2022. The order denied the plaintiffs' motion, among other things, for leave to enter a default judgment against the defendants IV - CVCF NEB REO, LLC, CV Capital Funding, LLC, CVCF Fund Funding I-NEB, LLC, IV-CVCF NEB I Trust, Operr Plaza, LLC, and Clean Air Car Service & Parking Branch Two, LLC, upon their default in answering the amended complaint, and granted those defendants' cross-motion for leave to serve a late answer to the amended complaint and to compel the plaintiffs to accept their late answer.
ORDERED that the order is affirmed, with costs.
The plaintiffs commenced this action against the defendants IV - CVCF NEB REO, LLC, CV Capital Funding, LLC, CVCF Fund Funding I-NEB, LLC, IV-CVCF NEB I Trust, Operr Plaza, LLC, Clean Air Car Service & Parking Branch Two, LLC, and Bill Wang seeking, inter alia, declaratory and injunctive relief and to recover damages for breach of contract. The action arises from the alleged default by the plaintiffs under a mortgage loan and related guarantees, which resulted in the foreclosure of the mortgage loan and a secured party sale pursuant to Uniform Commercial Code article 9 of the plaintiff Kevin Wang's interests in defendants Operr Plaza, LLC, and Clean Air Car Service & Parking Branch Two, LLC. On July 27, 2021, the plaintiffs filed an amended complaint. No proof of service of the summons and complaint or the amended complaint was filed. The defendants' attorneys filed notices of appearance on August 24, 2021. On September 27, 2021, the plaintiffs moved, among other things, for leave to enter a default judgment against the defendants IV - CVCF NEB REO, LLC, CV Capital Funding, LLC, CVCF Fund Funding I-NEB, LLC, IV-CVCF NEB I Trust, Operr Plaza, LLC, and Clean Air Car Service & Parking Branch Two, LLC (hereinafter the defendants), alleging that they were in default for failing to serve an answer to the amended complaint, which the plaintiffs claimed was due by September 13, 2021. The defendants served an answer on October 13, 2021, but it was rejected as untimely by the plaintiffs. The defendants thereafter cross-moved for leave to serve a late answer to the amended complaint and to compel the plaintiffs to accept their late answer. In an order entered April 4, 2022, the Supreme Court denied the plaintiffs' motion and granted the defendants' cross-motion. The plaintiffs appeal.
A defendant who has failed to timely answer a complaint and who seeks leave to serve a late answer must provide a reasonable excuse for the delay and demonstrate a potentially meritorious defense to the action (see CPLR 3012[d]; HSBC Bank USA v Pantel, 208 AD3d 643, 644; Federal Natl. Mtge. Assn. v Sajdak, 192 AD3d 764, 765). A defendant opposing a facially adequate motion for leave to enter a default judgment based on the failure to appear or timely serve an answer, must make a similar showing (see Nowakowski v Stages, 179 AD3d 822, 823). The determination of what constitutes a reasonable excuse lies within the sound discretion of the trial court, and in exercising that discretion, the court may accept law office failure as an excuse (see CPLR 2005; Pare v Pare, 222 AD3d 765, 767; Mollica v Ruzza, 151 AD3d 714, 714).
Here, the defendants demonstrated a reasonable excuse for the relatively short delay in answering the amended complaint, based upon law office failure and miscommunication, as well as the absence of prejudice to the plaintiffs as a result of the short delay, and that the short delay was not willful (see Pare v Pare, 222 AD3d at 767-768; Patel v New York City Tr. Auth., 199 AD3d 925, 927). The defendants also demonstrated the existence of a potentially meritorious defense to the action (see Patel v New York City Tr. Auth., 199 AD3d at 927; Nowakowski v Stages, 179 AD3d at 824). Consequently, and in light of the strong public policy favoring the resolution of cases on the merits, the Supreme Court providently exercised its discretion in denying the plaintiffs' motion, inter alia, for leave to enter a default judgment against the defendants (see CPLR 3215[f]) and granting the defendants' cross-motion for leave to serve a late answer to the amended complaint and to compel the plaintiffs to accept their late answer (see Pare v Pare, 222 AD3d at 768; Gambino v Deutsche Bank Natl. Trust Co., 181 AD3d 565, 566).
DUFFY, J.P., MILLER, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court