Victory Blvd Assoc., LLC v Pillars Funding, LLC (2026 NY Slip Op 00170)

Victory Blvd Assoc., LLC v Pillars Funding, LLC

2026 NY Slip Op 00170

Decided on January 14, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 14, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2024-00770
 (Index No. 66/22)

[*1]Victory Blvd Associate, LLC, appellant, 
vPillars Funding, LLC, et al., respondents.

Rosenberg & Steinmetz P.C., Valley Stream, NY (Rachelle Rosenberg of counsel), for appellant.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Orange County (Elena Goldberg Velazquez, J.), dated January 9, 2024. The order, insofar as appealed from, granted that branch of the defendants' motion which was pursuant to CPLR 5015(a) to vacate a judgment of the same court dated September 27, 2023, entered upon the defendants' failure to appear or answer the complaint.
ORDERED that the order dated January 9, 2024, is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, and that branch of the defendants' motion which was pursuant to CPLR 5015(a) to vacate the judgment dated September 27, 2023, is denied.
In December 2021, the plaintiff commenced this action, inter alia, to recover damages for breach of a commercial lease agreement. On March 4, 2022, the Supreme Court issued a judgment in favor of the plaintiff and against the defendants upon the defendants' failure to appear or answer the complaint (hereinafter the first default judgment). In March 2023, the defendants moved, among other things, to vacate the first default judgment. In an order dated August 2, 2023, the court, inter alia, granted that branch of the defendants' motion. However, the defendants again failed to timely appear or answer the complaint.
On September 27, 2023, the Supreme Court issued a judgment in favor of the plaintiff and against the defendants upon the defendants' default (hereinafter the second default judgment). Thereafter, the defendants moved, inter alia, pursuant to CPLR 5015(a)(1) to vacate the second default judgment. In an order dated January 9, 2024, the court, among other things, granted that branch of the defendants' motion. The plaintiff appeals.
Pursuant to CPLR 5015(a)(1), "[a] defendant seeking to vacate a default in appearing in the action or answering the complaint must show both a reasonable excuse for the default and a potentially meritorious defense" (Wells Fargo Bank, N.A. v Hyun Jung Kim, 189 AD3d 1673, 1674; see JPMorgan Chase Bank, N.A. v Morton, 226 AD3d 665, 667). "The determination of what constitutes a reasonable excuse lies within the Supreme Court's discretion" (Gershman v Ahmad, 131 AD3d 1104, 1105; see Patel v New York City Tr. Auth., 199 AD3d 925, 926-927). "Law office failure may be accepted as a reasonable excuse . . . provided that such an excuse is supported by a detailed and credible explanation for the law office failure alleged to have caused the default" (Wells Fargo Bank, N.A. v Hakim, 230 AD3d 1271, 1273 [citation and internal quotation marks omitted]; [*2]see Patel v New York City Tr. Auth., 199 AD3d at 927).
Here, in support of their motion, the defendants proffered only conclusory and unsubstantiated allegations of law office failure, which did not constitute a reasonable excuse for their default in appearing or answering the complaint (see Ting Chen v Xia Fang Shen, 228 AD3d 798, 799-800; Ki Tae Kim v Bishop, 156 AD3d 776, 777). Since the defendants failed to demonstrate a reasonable excuse for their default, it is unnecessary to determine whether they demonstrated the existence of a potentially meritorious defense to the action (see New York Vein Ctr., LLC v Dovlaryan, 162 AD3d 1056, 1058). Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was pursuant to CPLR 5015(a) to vacate the second default judgment.
CHAMBERS, J.P., WOOTEN, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court