New York Packaging II, LLC v Merchants Distribs., Inc. (2026 NY Slip Op 00381)

New York Packaging II, LLC v Merchants Distribs., Inc.

2026 NY Slip Op 00381

Decided on January 28, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 28, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
DONNA-MARIE E. GOLIA, JJ.

2024-11453
 (Index No. 615731/22)

[*1]New York Packaging II, LLC, appellant,
vMerchants Distributors, Inc., respondent.

Edward Weissman, New York, NY, for appellant.
Fox Rothschild LLP, New York, NY (John A. Wait of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Sarika Kapoor, J.), dated August 14, 2024. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
In December 2022, the plaintiff, an importer and supplier of plastic bags used in grocery stores, commenced this action against the defendant, a distributor of food storage items to grocery stores. The plaintiff alleged that the parties had, in effect, a requirements contract for plastic bags, which the defendant breached by terminating the business relationship without notice. In the alternative, the plaintiff asserted causes of action sounding in unjust enrichment and conversion. Following discovery, the defendant moved for summary judgment dismissing the complaint. In an order dated August 14, 2024, the Supreme Court granted the motion. The plaintiff appeals.
The defendant established its prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging breach of contract. "'A breach of contract cause of action fails as a matter of law in the absence of any showing that a specific provision of the contract was breached'" (Eva Chen Fine Jewelry, Inc. v Recovery Racing IX, LLC, 222 AD3d 840, 842-843, quoting Gianelli v RE/MAX of N.Y., Inc., 144 AD3d 861). Here, the defendant established, prima facie, that the plaintiff failed to identify any provision of any contract between the parties in connection with inventory at issue that was allegedly breached (see id. at 843; Gianelli v RE/MAX of N.Y., Inc., 144 AD3d at 862; Parker v Raymond Corp., 87 AD3d 1115, 1117). In opposition, the plaintiff failed to raise a triable issue of fact.
The defendant also established its prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging unjust enrichment. "To prevail, the proponent of the [unjust enrichment] cause of action must establish that it conferred a benefit on the other party and that the other party will retain that benefit without adequately compensating the first party therefor" (Maple Med., LLP v Scott, 191 AD3d 81, 103; see Georgia Malone & Co., Inc. v Rieder, 19 NY3d 511, 516; Nasca v Greene, 216 AD3d 648, 650). Here, the defendant established, prima facie, that the plaintiff conveyed no benefit to the defendant without adequate compensation (see Georgia Malone & Co. v Rieder, 19 NY3d at 516; Nasca v Greene, 216 AD3d at 650). In opposition, the [*2]plaintiff failed to raise a triable issue of fact.
Further, the defendant established its prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging conversion. "A conversion takes place when someone, intentionally and without authority, assumes or exercises control over personal property belonging to someone else, interfering with that person's right of possession" (Colavito v New York Organ Donor Network, Inc., 8 NY3d 43, 49-50; see State of New York v Seventh Regiment Fund, 98 NY2d 249). "'[W]here possession is originally lawful, a conversion does not occur until the owner makes a demand for the return of the property and the person in possession of the property refuses to return it'" (Sunyoung Jung v Reiner & Kaiser Assoc., 220 AD3d 643, 644, quoting Siegler v Lippe, 189 AD3d 903, 904). Here, the defendant established, prima facie, that it did not possess certain produce racks that the plaintiff alleged were converted. In opposition, the plaintiff failed to raise a triable issue of fact.
The plaintiff's remaining contentions are without merit.
BARROS, J.P., CHAMBERS, WARHIT and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court