Rakhmanova v Lombardino
2026 NY Slip Op 03834
June 17, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Lyuba Rakhmanova, appellant,
v
Christina Lombardino, etc., et al, respondents, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 17, 2026
2024-11431, (Index No. 711532/21)
Betsy Barros, J.P.
Cheryl E. Chambers
Lillian Wan
Susan Quirk, JJ.

Hoshovsky Law Firm, LLC, New York, NY (Serhiy Hoshovsky of counsel), for appellant.
Marks, O'Neill, O'Brien, Doherty & Kelly, P.C., New York, NY (Laurie A. DiPreta of counsel), for respondents.

[*1]
DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Phillip Hom, J.), dated September 16, 2024. The order granted the motion of the defendants Christina Lombardino and the Lombardino Family Trust, in effect, to vacate their default in appearing on the return date of their prior motion for summary judgment dismissing the complaint insofar as asserted against them, to restore the prior motion to the active calendar, and thereupon, to grant the prior motion.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured when she slipped and fell on a patch of ice on a sidewalk abutting a premises owned by the defendants Christina Lombardino, as trustee, and the Lombardino Family Trust (hereinafter the defendants), at approximately 6:50 p.m. on February 18, 2021. The plaintiff commenced this action against the defendants, among others, to recover damages for personal injuries. The defendants moved for summary judgment dismissing the complaint insofar as asserted against them, but the motion was marked off of the Supreme Court's active calendar when the defendants failed to appear for oral argument on the motion's return date.
The defendants thereafter moved, in effect, to vacate their default in appearing on the return date of the prior motion for summary judgment dismissing the complaint insofar as asserted against them, to restore the prior motion to the active calendar, and thereupon, to grant the prior motion. In an order entered September 16, 2024, the Supreme Court granted the defendants' motion, in effect, to vacate their default in appearing on the return date of the prior motion and to restore the prior motion to the active calendar, and thereupon, granted the prior motion. The plaintiff appeals.
"A party seeking to vacate a default in appearing on the return date of a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious cause of action or defense" (Radutskiy v Neck Rd. One Realty, LLC, 239 AD3d 902, 904-905 [internal quotation marks omitted]; see Santiago v City of New York, 206 AD3d 948, 949). Here, the defendants' detailed and credible excuse of law office failure adequately explained their failure to appear on the scheduled return date of the prior motion (see Radutskiy v Neck Rd. One Realty, LLC, 239 AD3d at [*2]905; New Hope Missionary Baptist Church, Inc. v 466 Lafayette, Ltd., 230 AD3d 510, 511-512). Additionally, the defendants met their burden of demonstrating a potentially meritorious motion (see Patel v New York City Tr. Auth., 199 AD3d 925, 927). Accordingly, the Supreme Court providently exercised its discretion in granting that branch of the defendants' motion which was, in effect, to vacate their default in appearing on the return date of the prior motion and to restore the prior motion to the active calendar.
"In general, a real property owner or a party in possession or control of real property will be held liable for a slip-and-fall accident involving snow and ice on its property only when it created the dangerous condition which caused the accident or had actual or constructive notice [of the condition]" (Cerar v Jefferson Val. Mall L.P., 225 AD3d 738, 739 [internal quotation marks omitted]). "Thus, [i]n a premises liability case, a defendant property owner who moves for summary judgment has the initial burden of making a prima facie showing that it neither created the allegedly dangerous condition nor had actual or constructive notice of its existence" (Canciani v Stop & Shop Supermarket Co., LLC, 203 AD3d 1011, 1014 [internal quotation marks omitted]). However, "[u]nder the storm in progress doctrine, a landowner 'will not be held liable in negligence for a plaintiff's injuries sustained as the result of an icy condition occurring during an ongoing storm or for a reasonable time thereafter'" (Jackson v City of New York, 238 AD3d 1126, 1127, quoting Sherman v New York State Thruway Auth., 27 NY3d 1019, 1020-1021). "To be entitled to summary judgment dismissing the complaint, the defendant's prima facie burden may be met by presenting evidence that there was a storm in progress when the plaintiff allegedly slipped and fell" (Cerar v Jefferson Val. Mall L.P., 225 AD3d at 739 [internal quotation marks omitted]).
Here, in support of their motion, the defendants submitted, inter alia, a meteorologist's affidavit and climatological records reflecting that on the day of the plaintiff's accident, temperatures were below freezing and approximately four inches of precipitation fell, beginning with measurable snow accumulation throughout the morning and early afternoon, before tapering off and changing into a mixture of snow, freezing rain, and sleet, followed by freezing drizzle around the time of the plaintiff's fall. Accordingly, the defendants established, prima facie, that a storm was ongoing at the time of the plaintiff's fall (see id.; Isabel v New York City Hous. Auth., 171 AD3d 714, 714; Gervasi v Blagojevic, 158 AD3d 613, 613). In opposition, the plaintiff failed to raise a triable issue of fact (see Talamas v Metropolitan Transp. Auth., 120 AD3d 1333, 1335).
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
In light of the foregoing, the plaintiff's remaining contention is academic.
BARROS, J.P., CHAMBERS, WAN and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court