[987 NE2d 257, 964 NYS2d 480]

M&T Real Estate Trust, Successor by Merger of M&T Real Estate, Inc., Appellant, v James J. Doyle, II, et al., Respondents.

Argued February 14, 2013; decided March 26, 2013

564

**POINTS OF COUNSEL**

*Jaeckle, Fleischmann & Mugel, LLP*, Buffalo (*Howard S. Rosenhoch* and *Vincent O. Hanley* of counsel), for appellant. I. Under long-established principles of New York law, "delivery" of a deed is not complete without acceptance. (*Ten Eyck v Whitbeck*, 156 NY 341; *Brackett v Barney*, 28 NY 333; *First Fed. Sav. & Loan Assn. of Syracuse v Ivy Ridge*, 76 Misc 2d 208, 50 AD2d 1057; *Powderly v Aetna Cas. Co.*, 72 Misc 2d 251.) II. None of the cases relied upon by defendants-respondents regarding the interpretation and application of RPAPL 1371 (2) supports their position. (*National Bank of Sussex County v Betar*, 207 AD2d 610; *Lennar Northeast Partners Ltd. Partnership v Gifaldi*, 258 AD2d 240; *Arbor Natl. Commercial Mtge. v Carmans Plaza*, 305 AD2d 622; *River Bank Am. v Pan Am. Mall*, 221 AD2d 327.) III. Conveyances by referee's deed are subject to the same acceptance requirement that applies to conveyances generally. (*Crossland Sav. v Patton*, 182 AD2d 496, 80 NY2d 755; *Savings Bank of Utica v 561-575 Delaware Ave.*, 201 AD2d 946.)

*Gross, Shuman, Brizdle & Gilfillan, P.C.*, Buffalo (*John K. Rottaris* and *Katherine M. Liebner* of counsel), for respondents. The Fourth Department correctly found that the referee's deed was "delivered" within the meaning of RPAPL 1371 under the narrow circumstances of this case. (*Lennar Northeast Partners Ltd. Partnership v Gifaldi*, 258 AD2d 240; *Doctors Council v New York City Employees' Retirement Sys.*, 71 NY2d 669; *State*

*of New York v Patricia II.*, 6 NY3d 160; *Kimmel v State of New York*, 76 AD3d 188; *Tompkins v Hunter*, 149 NY 117; *National Bank of Sussex County v Betar*, 207 AD2d 610; *Cicero v Aspen Hills II, LLC*, 85 AD3d 1411; *River Bank Am. v Pan Am. Mall*, 221 AD2d 327; *Ten Eyck v Whitbeck*, 156 NY 341; *Brackett v Barney*, 28 NY 333.)

### OPINION OF THE COURT

READ, J.

On March 24, 2009, M&T Real Estate Trust (M&T) brought this action pursuant to article 13 of the Real Property Actions and Proceedings Law to foreclose certain commercial mortgages executed by defendant James J. Doyle, II with respect to property in Tonawanda, New York. These mortgages, given to secure Doyle's indebtedness on two promissory notes, were guaranteed by his company, defendant Jim Doyle Ford, Inc. On August 6, 2009, County Court granted judgment of foreclosure and sale to M&T for the sum of $1,101,942.97; directed the mortgaged premises to be sold at public auction by the referee appointed for this purpose; and adjudged defendants liable for any shortfall, in accordance with RPAPL 1371. Subdivision (2) of this provision specifies that

> "[s]imultaneously with the making of a motion for an order confirming the sale, provided such motion is made *within ninety days after the date of the consummation of the sale by the delivery of the proper deed of conveyance to the purchaser,* the party to whom such residue [of the debt remaining unsatisfied] shall be owing may make a motion in the action for leave to enter a deficiency judgment" (RPAPL 1371 [2] [emphasis added]).

At the auction held on September 24, 2009, the referee sold M&T the property for $890,000, the highest sum bid. Soon afterwards, M&T's attorney advised the referee that his client planned to assign its bid to an affiliate, MAT Properties, Inc. (MAT), prior to the closing, which would be delayed for several months while MAT conducted a sealed bid sale of the foreclosure bid. On May 10, 2010, though, the attorney sent the referee a proposed deed naming MAT as grantee, report of sale and other closing documents, and requested that the referee sign and return these papers. The referee executed the documents on May 11, 2010, and placed them in the mail the next day.

On May 13, 2010, M&T's attorney—who had not yet received the papers—telephoned the referee to alert him that MAT was not then prepared to accept the deed because a potential purchaser had just stepped forward to express an interest in acquiring the bid. When he learned that the referee had already signed and mailed the deed, the attorney told the referee that he "did not intend to accept the referee's deed and other papers when they arrived," and would "return [the] cover letter and the enclosures . . . when he received them." Accordingly, by letter dated May 17, 2010, M&T's attorney sent these documents back to the referee, to be held "until further notice" as agreed in their "recent exchange of telephone messages." The attorney reiterated the reason why MAT was not yet ready to accept the deed, and promised to "be in touch with [the referee] shortly to let [him] know whether the bank [had] assigned its bid." The referee accepted and kept possession of the returned papers without objection.

By letter dated July 26, 2010, M&T's attorney asked the referee to send along the deed and other closing documents as "M&T [had] instructed [him] to record the Referee's Deed conveying title to [MAT]." The referee hand delivered these papers the next day; however, on August 6, 2010, the attorney emailed the referee a request to execute the deed so that it would be "dated concurrently with its delivery." On August 9, 2010, the referee did so and M&T's attorney accepted the deed on behalf of MAT that same day. The deed was recorded in the Erie County Clerk's Office on August 17, 2010.

On September 3, 2010, M&T filed a motion seeking to confirm the referee's report of sale; determine the fair and reasonable market value of the mortgaged premises as of September 24, 2009, the date of the mortgage foreclosure sale; and enter a deficiency judgment. Defendants opposed the motion, arguing that M&T's request for a deficiency judgment was untimely under RPAPL 1371 (2) because made more than 90 days after consummation of the sale, which they claimed happened in May 2010.

By order entered June 29, 2011, County Court granted M&T's motion, and directed its attorneys to submit a proposed order pursuant to RPAPL 1371. The judge determined that the motion was timely because "brought within ninety (90) days of the consummation of the sale of the Premises by the Referee pursuant to the Referee's Deed dated August 9, 2010 and recorded . . . on August 17, 2010." By order and judgment entered July 20, 2011, County Court directed entry of a deficiency judgment

against defendants in the amount of $426,657.11.* Defendants appealed both orders, challenging the timeliness of M&T's motion.

On March 23, 2012, the Appellate Division dismissed the appeal from the order entered June 29, 2011 (*see* CPLR 5501 [a] [1]); and reversed so much of the order and judgment entered July 20, 2011 as granted M&T the deficiency judgment against defendants (93 AD3d 1331 [4th Dept 2012]). The Court agreed with defendants that M&T's motion was untimely because

> "the foreclosure sale was consummated and the 90-day period commenced in May 2010 upon the delivery of the Referee's deed. Such delivery occurred within the meaning of [RPAPL 1371 (2)] at that time inasmuch as the Referee, acting as grantor on behalf of the court, executed and parted with control of the deed prepared by plaintiff's counsel with the intention to pass title [and] notwithstanding the refusal of plaintiff's counsel to accept and retain physical possession of the deed at that time" (*id.* at 1332 [citations omitted]).

We granted M&T leave to appeal (19 NY3d 808 [2012]), and now reverse.

Real Property Law § 244 states that a "grant takes effect, so as to vest the estate or interest intended to be conveyed, only from its delivery; and all the rules of law, now in force, in respect to the delivery of deeds, apply to grants hereafter executed." The common law in 1909, when section 244 was enacted, contemplated that delivery encompassed both presentment and acceptance (*see e.g. Brackett v Barney*, 28 NY 333, 340-341 [1863] ["The delivery of a deed without acceptance is nugatory . . . An intention to deliver on the one hand and to accept on the other, is necessary to give effect to the instrument"]; *Ten Eyck v Whitbeck*, 156 NY 341, 352 [1898] ["The delivery of a deed is essential to the transfer of title, and there can be no delivery without an acceptance by the grantee"]; *see also* 1 Rasch, New York Law and Practice of Real Property § 24:162 [2d ed] ["Acceptance of a deed is as essential to the change of title

---

* This amount represents the sum of $1,113,942.31 (the debt remaining unsatisfied according to the referee's report of sale) and $312,714.80 (the real estate taxes that were a lien on the premises as of September 24, 2009), minus $1,000,000 (the fair and reasonable market value of the property on September 24, 2009).

as is delivery itself"]). And there is no statutory basis for treating a referee's deed in foreclosure differently from other deeds when pinpointing the moment title transfers; hence, "consummation of the sale by the delivery of the proper deed" within the meaning of section 1371 (2) takes place when the intended grantee accepts the proffered instrument (*see Crossland Sav. v Patton*, 182 AD2d 496, 496 [1st Dept 1992], *lv denied* 80 NY2d 755 [1992] [title to the property vested and so the sale was consummated within the meaning of RPAPL 1371 (2) on the day that the plaintiff's counsel "accepted and retained without objection" the deed delivered to him by the defendant]).

As a general rule, a deed is presumed to have been "delivered and accepted at its date"; however, this presumption "must yield to opposing evidence" (*see Ten Eyck*, 156 NY at 352). Here, M&T's attorney twice declined to accept or retain physical possession of the referee's deed dated May 11, 2010. As a result, the referee took back the deed and other closing documents and ultimately executed a deed on August 9, 2010, when M&T's attorney accepted it on behalf of MAT. This constitutes "opposing evidence" sufficient to rebut any presumption of delivery in May 2010 (*see Manhattan Life Ins. Co. v Continental Ins. Cos.*, 33 NY2d 370, 372 [1974] [presumption overcome where there was no evidence that the grantor's attorney, who later recorded the deed, received it as agent of the grantee; consequently, there was no passage of title]). M&T's motion was therefore timely because brought within 90 days "after the date of the consummation of the sale by the delivery of the proper deed of conveyance to the purchaser" (RPAPL 1371 [2])—i.e., August 9, 2010.

Accordingly, the order of the Appellate Division should be reversed, with costs, and the order and judgment of County Court reinstated.

Chief Judge LIPPMAN and Judges GRAFFEO, SMITH, PIGOTT and RIVERA concur.

Order reversed, with costs, and order and judgment of County Court, Erie County, reinstated.