Seabury v Galloway (2020 NY Slip Op 51013(U))

[*1]

Seabury v Galloway

2020 NY Slip Op 51013(U) [68 Misc 3d 133(A)]

Decided on August 27, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on August 27, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : THOMAS A. ADAMS, P.J., BRUCE E. TOLBERT, JERRY GARGUILO, JJ

2019-392 S C

Dionne Seabury, Appellant,
against
Milton Galloway, Respondent. 

Nassau/Suffolk Legal Services (Sharon Campo of counsel), for appellant.
Milton Galloway, respondent pro se.

Appeal from an amended judgment of the District Court of Suffolk County, Second District
(James P. Flanagan, J.), entered November 27, 2018. The amended judgment, upon a finding in
favor of plaintiff in the sum of $2,250 on her cause of action and a finding in favor of defendant
in the sum of $4,500 on his counterclaim, after a nonjury trial, awarded defendant the net
principal sum of $2,250.

ORDERED that the amended judgment is reversed, without costs, and the matter is remitted
to the District Court for the entry of a judgment awarding plaintiff the principal sum of
$1,466.
Plaintiff commenced this small claims action against defendant, her former landlord, to
recover her security deposit in the amount of $2,250. Defendant interposed a counterclaim for
unpaid rent at the monthly rate of $2,250 for the months of September and October 2017, for a
total of $4,500. After a nonjury trial, the District Court found in favor of plaintiff in the sum of
$2,250, and in favor of defendant in the sum of $4,500 on his counterclaim, and awarded a net
judgment in defendant's favor in the principal sum of $2,250. 
In our view, the District Court's judgment did not render substantial justice between the
parties according to the rules and principles of substantive law (see UDCA 1804, 1807;
Ross v Friedman, 269 AD2d 584 [2000]).
The District Court found that defendant had lost title to the property by virtue of a
foreclosure sale, and that the transfer of ownership occurred on October 30, 2017, when the deed
was recorded. However "there is no statutory basis for treating a referee's deed in foreclosure
differently from other deeds when pinpointing the moment title transfers; hence, consummation
of the sale by the delivery of the proper deed . . . takes place when the intended grantee accepts
the proffered instrument" (M & T Real Estate Trust v Doyle, 20 NY3d 563, 568
[2013] [internal quotation marks omitted]; see Crossland Sav. v Patton, 182 AD2d 496,
496 [1992] ["The fact that a deed may not be recorded until a later date does not affect the
validity of the [*2]conveyance"]). As the referee's deed dated
September 19, 2017 was submitted into evidence, and, in support of his counterclaim, defendant
failed to show that the deed had been accepted at a later date, defendant failed to establish that he
was the owner of the property in October 2017 (see Minicozzi v Heffernan, 59 Misc 3d 133[A], 2018 NY Slip Op
50483[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018).
Since defendant did not claim or establish that plaintiff's Section 8 lease had expired when
the September 2017 rent came due on September 1, 2017, the District Court erred in holding that
plaintiff was liable for the full monthly rental amount of $2,250 for the month of September.
Rather, plaintiff was liable only for her share of the rent (see McDonnell v Mitchell,59
Misc 3d 133[A], 2018 NY Slip Op 50484[U] [App Term, 2d Dept, 9th & 10th Jud Dists
2018]; see Rutland Rd. Assoc., L.P. v
Grier, 55 Misc 3d 128[A], 2017 NY Slip Op 50370[U] [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2017]; Rainbow Assoc. v Culkin, 2003 NY Slip Op 50771[U]
[App Term, 2d Dept, 2d & 11th Jud Dists 2003]). As the September rent came due on
September 1st and cannot be apportioned (see Rustagi v Sanchez, 44 Misc 3d 137[A], 2014 NY Slip Op
51245[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]; Deban v Hoevener, 34 Misc 3d
141[A], 2012 NY Slip Op 50080[U] [App Term, 2d Dept, 9th & 10th Jud Dists
2012]; Wahl v Warren, 19 Misc 3d
130[A], 2008 NY Slip Op 50537[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2008]),
plaintiff owes her $784 share of the rent for the month of September 2017, even if the transfer of
ownership occurred during that month.
Accordingly, the amended judgment is reversed and the matter is remitted to the District
Court for the entry of a judgment awarding plaintiff the principal sum of $1,466.
ADAMS, P.J., TOLBERT and GARGUILO, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 27, 2020