James B. Nutter & Co. v John Doe 1 (2021 NY Slip Op 04910)





James B. Nutter & Co. v John Doe 1


2021 NY Slip Op 04910


Decided on September 1, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2017-10547
 (Index No. 701953/15)

[*1]James B. Nutter and Company, appellant,
v
John Doe 1, etc., et al., defendants, Susan Patterson, respondent.


DelBello Donnellan Weingarten Wise & Wiederkehr, LLP, White Plains, NY (Lee S. Wiederkehr, Michael J. Schwarz, and Robertson, Anschutz, Schneid, Crane & Partners PLLC [Joseph F. Battista], of counsel), for appellant.
T. Austin Brown, Brooklyn, NY, for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Marguerite A. Grays, J.), entered April 24, 2017. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants John Doe 1 through 50 and Jane Doe 1 through 50, intending to be the unknown trustees of the Living Trust of Sarah E. Lymus, and the defendant Susan Patterson, to strike the answers of those defendants, and for an order of reference.
ORDERED that the order is affirmed insofar as appealed from, with costs.
By deed dated March 15, 2009, Sarah Lymus conveyed her interest in certain real property located in Bayside (hereinafter the subject property) to the Living Trust of Sarah E. Lymus (hereinafter the trust). Thereafter, on April 24, 2009, Lymus executed a note in favor of Somerset Investors Corp., and the note was secured by a reverse mortgage on the subject property. Somerset Investors Corp. subsequently assigned the note and the reverse mortgage to the plaintiff. Lymus died in January 2011.
In 2015, the plaintiff commenced this action to foreclose the reverse mortgage against, among others, the defendants John Doe 1 through 50 and Jane Doe 1 through 50, intending to be the unknown trustees of the trust (hereinafter the trustees), and the defendant Susan Patterson, Lymus's daughter. Patterson answered the complaint and asserted the affirmative defense that the plaintiff cannot maintain this action, as Lymus had transferred her ownership interest in the subject property to the trust on March 15, 2009, when Lymus executed and delivered the deed to the subject property to a third party, and as such, Lymus did not have the authority to enter into the reverse mortgage upon which this action is based. A court-appointed guardian ad litem answered on behalf of the trustees.
The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the trustees and Patterson, to strike the trustees' and Patterson's answers, and for an order of reference. In an order entered April 24, 2017, the Supreme Court, among other things, [*2]denied those branches of the plaintiff's motion. The plaintiff appeals.
As a general rule, in an action to foreclose a reverse mortgage, a plaintiff establishes its prima facie entitlement to judgment as a matter of law by producing the reverse mortgage, the unpaid note, and evidence of the decedent's death, which constitutes a ground for acceleration of the debt under the terms of the reverse mortgage (see OneWest Bank, FSB v Simpson, 148 AD3d 920, 922). Here, in support of its motion, the plaintiff submitted, inter alia, copies of the note, the reverse mortgage, the assignment of the reverse mortgage from Somerset Investors Corp. to the plaintiff , and a verified petition filed in the Surrogate's Court. These documents established the plaintiff's entitlement to accelerate Lymus's debt pursuant to the terms of the reverse mortgage.
However, to prevail on those branches of its motion which were for summary judgment on the complaint insofar as asserted against the trustees and Patterson and to strike Patterson's affirmative defense, the plaintiff was required to establish, as a matter of law, that its chronologically second-in-time mortgage interest in the subject property is prioritized over the trust's first-in-time interest in the subject property pursuant to the deed (see Lucas v J & W Realty and Constr. Mgt., Inc., 97 AD3d 642, 644).
To this end, while the plaintiff acknowledges on appeal that "[i]t is presumed that a deed is delivered and accepted as of its date" (Saline v Saline, 106 AD3d 1072, 1074; see M & T Real Estate Trust v Doyle, 20 NY3d 563, 568; Ten Eyck v Whitbeck, 156 NY 341, 352), the plaintiff argues that it wholly rebutted this presumption through its submissions in support of its motion, which included Lymus's covenants as set forth in the reverse mortgage. The plaintiff further contends that under these circumstances, the date the deed was recorded should be deemed the date it was delivered, and as such, its mortgage interest is chronologically first in time and entitled to priority.
While some of Lymus's covenants as set forth in the reverse mortgage are in conflict with the presumed delivery date of the deed, these covenants did not conclusively rebut the presumption that the deed was delivered on its date, but instead, created a triable issue of fact as to whether the plaintiff rebutted such presumption (see Ten Eyck v Whitbeck, 156 NY at 352; cf. M & T Real Estate Trust v Doyle, 20 NY3d at 568).
As the plaintiff's submissions failed to conclusively resolve the priority issue in its favor (cf. Lucas v J & W Realty and Constr. Mgt., Inc., 97 AD3d at 644), the plaintiff failed to eliminate all triable issues of fact in support of its motion and, thus, failed to establish its entitlement to judgment as a matter of law (see ZLT Green St. 189, LLC v Franco, 172 AD3d 1449, 1450). Accordingly, the Supreme Court properly denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the trustees and Patterson, to strike their answers, and for an order of reference, without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The plaintiff's remaining contentions either have been rendered academic in light of our determination or are improperly raised for the first time on appeal.
RIVERA, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court