CIT Bank, N.A. v Fernandez (2022 NY Slip Op 01764)





CIT Bank, N.A. v Fernandez


2022 NY Slip Op 01764


Decided on March 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2020-08627
2020-08630
 (Index No. 2197/13)

[*1]CIT Bank, N.A., etc., respondent,
v
Iris Fernandez, etc., et al., defendants, Ninth Street Corp., appellant.


Susan von Ohlen, Great Neck, NY, for appellant.
Bronster LLP, New York, NY (Alexandra C. Mink of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Ninth Street Corp. appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), and an order and judgment of foreclosure and sale (one paper) of the same court, both dated February 11, 2020. The order granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale and denied the cross motion of the defendant Ninth Street Corp. to reject the referee's report and to dismiss the amended complaint insofar as asserted against it. The order and judgment of foreclosure and sale, upon an order of the same court dated March 13, 2019, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the amended complaint insofar as asserted against the defendant Ninth Street Corp., to strike that defendant's answer, affirmative defenses, and counterclaims, and for an order of reference, and denying that defendant's cross motion to compel discovery, upon an order of the same court, also dated March 13, 2019, among other things, granting the same relief to the plaintiff and referring the matter to a referee to compute the amount due to the plaintiff, and upon the order dated February 11, 2020, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the appeal from the order dated February 11, 2020, is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, those branches of the plaintiff's motion which were for summary judgment on the amended complaint insofar as asserted against the defendant Ninth Street Corp., to strike that defendant's answer, affirmative defenses, and counterclaims, and for an order of reference are denied, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, that branch of the cross motion of the defendant Ninth Street Corp. which was to reject the referee's report is granted, the report is rejected, and the two orders dated March 13, 2019, and the order dated February 11, 2020, are modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the defendant Ninth Street Corp.
The appeal from the order dated February 11, 2020, must be dismissed because the [*2]right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order dated February 11, 2020, are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
In July 2008, Sonia Fernandez (hereinafter the borrower) entered into a reverse mortgage transaction in connection with certain residential property in Brooklyn.
The borrower died on May 13, 2012. In February 2013, OneWest Bank, FSB (hereinafter OneWest Bank), commenced this action against, among others, the borrower's heirs. In March 2016, the defendant Iris Fernandez was appointed as administrator of the borrower's estate. Thereafter, OneWest Bank moved, inter alia, to amend the complaint to name additional parties and to amend the caption to substitute CIT Bank, N.A. (hereinafter CIT Bank), as the plaintiff. In an order dated February 3, 2017, the court granted OneWest Bank's motion, and CIT Bank subsequently served and filed an amended complaint naming, among others, Ninth Street Corp. (hereinafter Ninth Street)—a judgment creditor of Iris Fernandez—as a defendant. After Ninth Street joined issue, CIT Bank moved, inter alia, for summary judgment on the amended complaint insofar as asserted against Ninth Street, to strike its answer, affirmative defenses, and counterclaims, and for an order of reference. Ninth Street opposed the motion and cross-moved to compel discovery. In an order dated March 13, 2019, the Supreme Court, inter alia, granted those branches of CIT Bank's motion and denied Ninth Street's cross motion. In a second order, also dated March 13, 2019, the court, among other things, granted the same relief to CIT Bank and appointed a referee to compute the amount due to CIT Bank.
After the referee issued an oath and report, CIT Bank moved to confirm the report and for a judgment of foreclosure and sale. Ninth Street opposed the motion and cross-moved to reject the referee's report and to dismiss the amended complaint insofar as asserted against it. In an order dated February 11, 2020, the Supreme Court granted CIT Bank's motion and denied Ninth Street's cross motion. In an order and judgment of foreclosure and sale, also dated February 11, 2020, the court granted CIT Bank's motion, confirmed the referee's report, and directed the sale of the subject property. Ninth Street appeals.
"As a general rule, in an action to foreclose a reverse mortgage, a plaintiff establishes its prima facie entitlement to judgment as a matter of law by producing the reverse mortgage, the unpaid note, and evidence of the decedent's death, which constitutes a ground for acceleration of the debt under the terms of the reverse mortgage" (James B. Nutter & Co. v John Doe 1, 197 AD3d 1106, 1107, citing OneWest Bank, FSB v Simpson, 148 AD3d 920, 922).
Here, in support of its motion, inter alia, for summary judgment, CIT Bank submitted an affidavit of its assistant secretary, Elizabeth Birk, who, upon review of the business records maintained by CIT Bank, averred that CIT Bank was the "holder of the instrument of indebtedness at the time this action was commenced," the borrower was "in default," the "mortgage debt remains unpaid," and a default notice "was thereafter duly sent." However, since Birk failed to attach or otherwise incorporate any of CIT Bank's business records to her affidavit, her assertions regarding the contents of such business records constituted inadmissible hearsay (see Federal Natl. Mtge. Assn. v Brottman, 173 AD3d 1139, 1141; Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 208-209).
Since CIT Bank failed to establish its prima facie entitlement to judgment as a matter of law, the Supreme Court should have denied those branches of CIT Bank's motion which were for summary judgment on the amended complaint insofar as asserted against Ninth Street, to strike its answer, affirmative defenses, and counterclaims, and for an order of reference, without regard to the sufficiency of Ninth Street's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). For the same reasons, the court had no basis upon which to appoint a referee to compute the amount due to CIT Bank, and should not have subsequently granted CIT Bank's motion to confirm the referee's report and for a judgment of foreclosure and sale.
Ninth Street's remaining contentions either need not be reached in light of our determination, are not properly before this Court, or are without merit.
CHAMBERS, J.P., ROMAN, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court