Nationstar Mtge., LLC v Hoar (2022 NY Slip Op 05853)

Nationstar Mtge., LLC v Hoar

2022 NY Slip Op 05853

Decided on October 19, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LARA J. GENOVESI, JJ.

2019-10382 
2020-01320
 (Index No. 62076/18)

[*1]Nationstar Mortgage, LLC, etc., respondent,
v
Mary Hoar, appellant, et al., defendants.

Zerilli & Associates, P.C., Yonkers, NY (Robert F. Zerilli of counsel), for appellant.
Pincus Law Group, PLLC, Uniondale, NY (Renee J. Aragona of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Mary Hoar appeals from two orders of the Supreme Court, Westchester County (William J. Giacomo, J.), both dated June 28, 2019. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike her answer and affirmative defenses, and for an order of reference. The second order, insofar as appealed from, granted the same relief to the plaintiff and referred the matter to a referee to compute the amount due to the plaintiff.
ORDERED that the orders are reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Mary Hoar, to strike that defendant's answer and affirmative defenses, and for an order of reference are denied.
On June 3, 2010, Mary Hoar (hereinafter the defendant) and Ira Goldman executed a quitclaim deed conveying certain property in Yonkers (hereinafter the premises) to "Ira Goldman, a Life Estate with Full Powers Remainder unto Mary Hoar." On the same date, Goldman executed a note in favor of Generation Mortgage Company (hereinafter Generation Mortgage), which was secured by a home equity conversion mortgage, also known as a reverse mortgage, encumbering the premises. The mortgage was executed by Goldman and the defendant. Both the note and the mortgage provided, inter alia, that the lender could require immediate payment in full in the event "[a] Borrower dies and the Property is not the principal residence of at least one surviving Borrower." On November 7, 2015, Goldman passed away, and the defendant continued to reside at the premises.
In August 2018, the plaintiff, the alleged holder of the note, commenced this action to foreclose the mortgage against the defendant, among others, alleging, inter alia, that it was entitled to require payment in full due to the death of Goldman. Thereafter, the plaintiff moved, among other things, for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer and affirmative defenses, and for an order of reference. The defendant opposed the motion, arguing, inter alia, that the plaintiff was not entitled to require immediate payment in full [*2]because she was a "surviving Borrower" under the note and mortgage. In two orders, both dated June 28, 2019, the Supreme Court, among other things, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer and affirmative defenses, and for an order of reference. The defendant appeals.
"As a general rule, in an action to foreclose a reverse mortgage, a plaintiff establishes its prima facie entitlement to judgment as a matter of law by producing the reverse mortgage, the unpaid note, and evidence of the decedent's death, which constitutes a ground for acceleration of the debt under the terms of the reverse mortgage" (James B. Nutter & Co. v John Doe 1, 197 AD3d 1106, 1107, citing OneWest Bank, FSB v Simpson, 148 AD3d 920, 922; see CIT Bank, N.A. v Fernandez, 203 AD3d 876). Here, the plaintiff established its prima facie entitlement to judgment as a matter of law by submitting the note, mortgage, and evidence of Goldman's death.
However, in opposition to the plaintiff's prima facie showing, the defendant raised a triable issue of fact as to whether she was a "surviving Borrower" under the note and mortgage, which would preclude the plaintiff from requiring payment in full upon Goldman's death (see Nationstar Mtge. LLC v Goeke, 151 AD3d 1237, 1240-1241). Although the defendant was not named as a borrower in the note, she signed the mortgage in which she was named as a borrower. "Generally, the rule is that separate contracts relating to the same subject matter and executed simultaneously by the same parties may be construed as one agreement" (Williams v Mobil Oil Corp., 83 AD2d 434, 439; see Nau v Vulcan Rail & Constr. Co., 286 NY 188, 197; County of Suffolk v Long Is. Power Auth., 100 AD3d 944, 947). Here, the note and mortgage, construed together, were ambiguous as to whether the defendant was intended to be a borrower (see Nationstar Mtge. LLC v Goeke, 151 AD3d at 1239). Where, as here, contract language is "reasonably susceptible of more than one interpretation, . . . extrinsic or parol evidence may be . . . permitted to determine the parties' intent as to the meaning of that language" (RE/MAX of N.Y., Inc. v Energized Realty Group, LLC, 135 AD3d 924, 925 [internal quotation marks omitted]). Here, the extrinsic evidence submitted by the parties raised a triable issue of fact as to whether the defendant was a borrower under the subject loan. Although Goldman, and not the defendant, was named as the borrower on various documents, including the loan application, both Goldman and the defendant signed a copy of a Truth-in-Lending Act disclosure. Moreover, in her affidavit, the defendant averred that when she and Goldman applied for the reverse mortgage, they were "assured that when [Goldman] passed away, that I would get the house and that I could continue to live there."
The parties' remaining contentions are either not properly before this Court or without merit.
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer and affirmative defenses, and for an order of reference.
DILLON, J.P., MALTESE, WOOTEN and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court