Matter of Foreclosure of Certain Tax Liens Pursuant to Art. 11, Title 3 of the Real Prop. Tax Law (County of Schoharie) (2025 NY Slip Op 25269)

[*1]

Matter of Foreclosure of Certain Tax Liens Pursuant to Art. 11, Title 3 of the Real Prop. Tax Law (County of Schoharie)

2025 NY Slip Op 25269

Decided on November 5, 2025

County Court, Schoharie County

McAllister, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on November 5, 2025
County Court, Schoharie County

In the Matter of the Foreclosure of Certain Tax Liens Pursuant to Article 11, 
 Title 3 of the Real Property Tax Law, By: The County of Schoharie, State of New York. Premises: 129 Polizzi Road, Carlisle, N.Y. 12092, Tax Map # 35.-3-21

Index No. 2022-12

David M. Giglio & Associates, LLC(David M. Giglio, Esq.)Attorneys for Joseph Polizzi13 Hopper StreetUtica, New York 13501Johnson & Laws, LLC(Olivia G. Reinhardt, Esq.)Attorneys for Schoharie County646 Plank Road, Suite 205 
Clifton Park, New York 12065

Ryan T. McAllister, J.

Background and FactsThe relevant facts are not in dispute. On March 31, 2023, this Court entered a judgment of foreclosure against Joseph Polizzi (hereinafter "Polizzi") for failure to pay real property taxes on his property located at 129 Polizzi Road, Carlisle, New York (hereinafter "the Property"). The County of Schoharie (hereinafter "the County") sold the Property at public auction on May 20, 2023, to Ronald Backman. On June 16, 2023, the Schoharie County Treasurer executed a deed transferring the Property to Mr. Backman, and that deed was recorded on June 19, 2023. At the time of the public auction, Polizzi owed the County $60,106.58 in real property taxes. The County sold the Property for $160,000.00, which left $99,893.42 remaining as surplus monies. At the time of the public auction, New York did not have a mechanism whereby surplus monies could be returned to the previous property owner. 
Five days after the public auction, the United States Supreme Court issued Tyler v. Hennepin County, 598 US 631 (2023). In that case, "Hennepin County, Minnesota, sold Geraldine Tyler's home for $40,000 to satisfy a $15,000 tax bill. Instead of returning the remaining $25,000, the County kept it for itself" (id. at 634). Like New York, Minnesota did not have a means by which the previous property owner could recover the remaining $25,000. The [*2]Court recognized the state's authority to sell Ms. Tyler's home to recover the unpaid property taxes but found that the state's retention of the remaining $25,000 violated the Takings Clause of the Fifth Amendment, applicable to the states through the Fourteenth Amendment (id. at 639).
On October 25, 2023, Polizzi filed an action in federal court alleging that the County violated his Fifth Amendment rights to just compensation by retaining the surplus funds it received from the public auction. In March 2024, the district court dismissed various claims brought by Polizzi but left intact his § 1983 claims under the Takings Clause and Excessive Fines Clause and his claim for common-law unjust enrichment (Polizzi v. County of Schoharie, 720 F Supp 3d 141, 153-54 [ND NY 2024]). As of the date of this decision, this matter is still pending.
On April 26, 2024, New York State rectified the constitutional infirmity in retaining surplus monies when it amended Article 11 of the Real Property Tax Law to create a new Title 6. The legislature created a new process where a county could determine the existence of any surplus monies resulting from the sale of tax-foreclosed properties and distribute such monies to previous property owners (L 2024, ch 55, part BB, § 15). The enacting legislation included a retroactive effective date of May 25, 2023 — the date of the Tyler decision (id. at part BB, § 19). The effective date stated clearly that the new Title 6 could be used for tax-foreclosed properties "sold on or after May 25, 2023," but for tax-foreclosed properties sold prior to the Tyler decision, the legislation stated the following: 
"Where a tax-foreclosed property was sold prior to May 25, 2023, a claim for surplus attributable to such sale may be maintained if and only if a proceeding to compel such tax district to distribute such surplus to the petitioner or petitioners had been initiated pursuant to subdivision 1 of section 7803 of the civil practice law and rules, such proceeding was commenced in a timely manner as provided by section 217 of such chapter, and such proceeding was still active on the effective date of this act" (id. at part BB, § 19).On August 29, 2024, Polizzi filed a Notice of Claim in this Court [FN1]
concerning the surplus monies. He then filed a Notice of Motion with supporting documents, requesting that this Court make an Order directing the release of the surplus monies on deposit pursuant to Title 6 of the RPTL, specifically RPTL 1197. Polizzi argues that the Property was sold after May 25, 2023, because the deed transferring the Property to the new owner was executed and filed in June 2023. The County opposes the motion on several grounds. In short, the County argues that the sale of the Property occurred at the public auction on May 20, 2023, and therefore, Polizzi cannot avail himself of the newly created Title 6.

Discussion
The issue is simply when the tax-foreclosed property at issue here was "sold" as that term is used in the enacting legislation's effective date. If "sold" refers to the date the property was sold at a public auction — in this case, May 20, 2023 — then Polizzi's motion seeking relief pursuant to Title 6 of the RPTL must be denied, because he cannot take advantage of a statutory [*3]scheme that was not yet in effect. 
"[T]he starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof" (Majewski v. Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583 [1998]). "When the plain language of the statute is precise and unambiguous, it is determinative" (Washington Post Co. v. New York State Ins. Dept., 61 NY2d 557, 565 [1984]). Here, a plain reading of the enacting legislation's effective date is unambiguous. Specifically, the Court finds that the word "sold" refers to public auctions, including the one that occurred in this case before May 25, 2023. First, the enacting legislation includes the creation of a new RPTL 1195, which provides that the definition of "'[p]ublic sale' means a sale resulting from a public auction conducted in accordance with the provisions of section two hundred thirty-one of the [RPTL]" (L 2024, ch 55, part BB, § 15). Second, the new RPTL 1196 also provides that "[w]ithin forty-five days after the sale of [a] tax-foreclosed property, the enforcing officer shall determine whether a surplus is attributable to such sale and if so, the amount thereof." Thus, the legislature gave the county 45 days from the public auction to calculate any surplus attributable to the sale (see Cavaluzzi v. County of Sullivan, No. 23 CIV. 11067 [PAE], 2024 WL 5238644, at *9 [SD NY Dec. 27, 2024] [concluding that "under Article 11 as revised, the existence and amount of a surplus is to be determined within 45 days after the auction, so as to enable the calculation and deduction of taxes, interest, penalties, and costs"] [emphasis added]).[FN2]

Finally, the enacting legislation also refers to deed conveyances and amends statutes related to deed conveyances. For example, RPTL 1136, which governs final judgments in tax lien foreclosures, was amended in the enacting legislation. It provides that "[a]ny sale directed by the court pursuant to this subdivision shall be at public auction by the enforcing officer" (RPTL 1136[2][c] [emphasis added]). However, it also provides that "[i]n directing any conveyance pursuant to this subdivision, the judgment shall direct the enforcing officer of the tax district to prepare and execute a deed conveying title to the parcel or parcels of real property concerned" (RPTL 1136[2][d] [emphasis added]). Thus, if the legislature wished to make the effective date subject to the conveyance or recording of the relevant deed, it would have done so. It did not. It chose to make the effective date contingent upon the date the tax-foreclosed property was sold at public auction. 
Polizzi cites M&T Real Estate Trust v Doyle, 20 NY3d 563 (2013) to support his motion. This case is inapposite. M&T Real Estate Trust involved a motion seeking to confirm a referee's report of sale. The statute at issue — RPAPL 1371 — specifically provides that the relevant [*4]motion must be "made within ninety days after the date of the consummation of the sale by the delivery of the proper deed of conveyance to the purchaser" (id. at 565 [emphasis in original]). The issue was whether the deed had been conveyed to the purchaser (id. at 567-68). In that case, the statute at issue clearly modifies "sale" to mean the date of the conveyance of the deed. No such modification is present in this case (see NYCTL 1996-1 Trust v EM-ESS Petroleum Corp., et al., 57 AD3d 304, 305 [1st Dept 2008] [holding that in a matter of statutory construction involving RPAPL 1354(2), "the word 'sale' in the statute refers to the auction sale, not to the delivery of the deed'"]). 
Thus, for the reasons stated above, the Court determines that the Property was sold at public auction on May 20, 2023, five days before the statutory scheme that Polizzi attempts to invoke went into effect. Accordingly, Polizzi's motion must be denied. 
Considering this Court's determination, the Court does not reach the County's arguments that dismissal is warranted based on any pending federal litigation.
Any arguments not specifically addressed herein are found to be unpersuasive or are otherwise rendered academic.
This memorandum constitutes both the Decision and Order of the Court.
Dated: November 5, 2025Schoharie, NYHon. Ryan T. McAllister, J.C.C.Papers Considered on this Application:Polizzi
• Notice of Motion and Attorney Affirmation of David M. Giglio, Esq. with Exhibits A-H, dated April 15, 2025;• Reply Affirmation of David M. Giglio, Esq., dated May 27, 2025;• Memorandum of Law of David M. Giglio, Esq., dated May 27, 2025.
Schoharie County
• Attorney Affirmation of Olivia G. Reinhardt, Esq. with Exhibits A-G;• Memorandum of Law of Olivia G. Reinhardt, Esq. dated May 23, 2025.

Footnotes

Footnote 1:The Notice of Claim is incorrectly styled as filed in Supreme Court but bears the index number in the present matter pending in County Court.

Footnote 2:The Court notes that in Cavaluzzi, the federal district court did not grant Sullivan County's motion to dismiss based on a statute of limitations defense. There, the court noted that the wording and implementation of RPTL 1196 create "practical realities [that] might support an argument for an accrual date after the date of the sale and after the date the sale proceeds came into the County's possession" (Cavaluzzi, 2024 WL 5238644 at *9). Whether Polizzi has a Takings Claim is not before this Court, and therefore, the Court takes no position on when a Takings Claim may have accrued in this case (but see Sikorski v. City of Newburgh, 136 F4th 56, 62 [2d Cir 2025] [holding that the Takings Clause violation did not occur "until the city received (and began to 'retain') the money from the sale of the property"]). Here, the only issue is whether Polizzi can take advantage of the new statutory scheme. On that issue, this Court and the federal district court in Cavaluzzi agree — sale date refers to the date of the public auction.